ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
ROBERT W. SPENCER (SBN 238491)
rspencer@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,
A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiff
FRANK SICA

*(Left margin, vertical text: KELLER GROVER LLP — 1965 Market Street, San Francisco, CA 94103 — Tel. 415.543.1305 | Fax 415.543.7861)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK SICA, on behalf of himself, and all others similarly situated, and all aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>MADISON INDUSTRIAL SERVICES TEAM, LIMITED PARTNERSHIP; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.  4:20-cv-08347-KAW<br><br>CLASS ACTION<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS, CLASS REPRESENTATIVE INCENTIVE AWARD/GENERAL RELEASE PAYMENT, AND SETTLEMENT ADMINISTRATION COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     August 4, 2022<br>Time:     1:30 p.m.<br>Ctrm:     TBD<br>Judge:    Kandis A. Westmore<br><br>Complaint Filed:  September 30, 2020<br>FAC filed:          November 19, 2020<br>Removal Date:    November 25, 2020 |

**PLEASE TAKE NOTICE THAT** on August 4, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Kandis A. Westmore, Plaintiff FRANK SICA will and hereby does move for an Order: (1) approving an award to Class Counsel of attorneys' fees in the amount of $195,000 and costs in the amount of $15,352.54, (2) approving payment of the Class Representative Incentive Award/General Release Payment in the amount of $7,500 to Plaintiff Sica, and (3) approving payment of settlement administration fees to Simpluris, Inc. in the amount of $9,000.

This Motion is made pursuant to Federal Rule of Civil Procedure 23, which requires court approval of the settlement of a class action. This Motion will be based on this notice of motion and motion, the accompanying summary of argument and memorandum of points and authorities set forth herein, the Parties' Joint Stipulation of Class Action and PAGA Settlement and Release of Claims, the Declarations of Eric A. Grover, Scot D. Bernstein, Frank Sica, and Evelin Reyes of Simpluris, Inc., the pleadings and papers filed in this case, and such evidence or oral argument as may be presented at the hearing.

Dated: May 17, 2022                    KELLER GROVER LLP


By:  /s/ *Eric A. Grover*
                              
ERIC A. GROVER
ROBERT SPENCER
*Attorneys for Plaintiff*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

**TABLE OF CONTENTS**

2

Page

I.     INTRODUCTION ............................................................................................. 1

II.    PROCEDURAL HISTORY AND NOTICE PROCESS ................................. 2

       A.     Factual background and procedural history. ......................................... 2

       B.     Class Counsel's work in this litigation. ............................................... 4

       C.     Status of the notice process and Class Members' response after preliminary
              approval. ............................................................................................... 5

III.   THE SETTLEMENT TERMS ........................................................................ 7

       A.     Payments to Settlement Class Members ............................................... 7

       B.     Payments to Aggrieved Employees and the State. ............................... 7

       C.     Cy Pres Distribution ............................................................................. 8

       D.     Limited Release applicable to Settlement Class Members ................... 8

       E.     The PAGA Release ............................................................................... 9

       F.     The General Release by Plaintiff Sica ................................................. 9

       G.     Class Representative Incentive Award/General Release Payment ........ 9

       H.     Settlement Administration Costs ........................................................ 10

       I.     The Settlement Agreement and Notice clearly state the attorneys' fees and
              costs. ................................................................................................... 10

IV.    ARGUMENT ................................................................................................ 11

       A.     Class Counsel requests an award under the common benefit doctrine. ............... 11

              1.     A fee award of 30% is reasonable here. .................................... 11

              2.     A cross-check using the lodestar method supports Class Counsel's
                     fee request. ................................................................................ 12

              3.     No Class Member has objected to the fee award thus far. ......... 14

       B.     Class Counsel's request for costs also is reasonable. ........................ 14

       C.     The Class Representative's Class Representative Incentive Award/General
              Release Payment is also reasonable. .................................................. 15

       D.     Plaintiff seeks approval of the Settlement Administrator's fees incurred ............ 16

V.     CONCLUSION ............................................................................................. 16

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

# TABLE OF AUTHORITIES

**Federal Cases**                                                                    **Page(s)**

*Acosta v. Frito-Lay, Inc.,*
    2018 U.S. Dist. LEXIS 75988 (N.D. Cal. May 14, 2018) ............................................... 13

*Bellinghausen v. Tractor Supply Co.,*
    306 F.R.D. 245 (N.D. Cal. 2015) ..................................................................................... 12

*Boeing Co. v. Van Gemert,*
    444 U.S. 472 (1980) ................................................................................................. 11, 12

*Bolton v. U.S. Nursing Corp.,*
    2013 U.S. Dist. LEXIS 150299 (N.D. Cal. Oct. 18, 2013) ............................................. 13

*Cook v. Niedert,*
    142 F.3d 1004 (7th Cir. 1998) .................................................................................... 2, 15

*Glass v. UBS Fin. Servs., Inc.,*
    331 F. App'x 452 (9th Cir. 2009) ..................................................................................... 12

*Gonzalez v. S. Wine & Spirits of Am., Inc.,*
    555 F. App'x 704 (9th Cir. 2014) .................................................................................. 1, 13

*Harris v. Marhoefer,*
    24 F.3d 16 (9th Cir. 1994) ............................................................................................... 14

*In re Omnivision Techs.,*
    559 F. Supp. 2d 1036 (N.D. Cal. 2007) .......................................................................... 14

*Morrison v. Am. Nat'l Red Cross,*
    2021 U.S. Dist. LEXIS 4043 (N.D. Cal. Jan. 8, 2021) ........................................... *passim*

*Nitsch v. DreamWorks Animation SKG Inc.,*
    2017 U.S. Dist. Lexis 86124 (N.D. Cal. June 5, 2017) ................................................... 13

*O'Bannon v. NCAA,*
    2015 U.S. Dist. LEXIS 91514 (N.D. Cal. July 13, 2015) ............................................... 13

*Paul, Johnson, Alston & Hunt v. Graulty,*
    886 F.2d 268 (9th Cir. 1989) ........................................................................................... 12

*Rivas v. BG Retail, LLC,*
    2020 U.S. Dist. LEXIS 8712 (N.D. Cal. Jan. 16, 2020) ................................................. 12

*Rodriguez v. West Publishing Corp.,*
    563 F.3d 948 (9th Cir. 2009) ...................................................................................... 2, 15

*Staton v. Boeing Co.,*
    327 F.3d 938 (9th Cir. 2003) ........................................................................................... 12

*Steinfeld v. Discover Fin. Servs.,*
    2014 U.S. Dist. LEXIS 48540 (N.D. Cal. Mar. 31, 2014) ............................................. 13

*Stern v. Gambello,*
    480 Fed. App'x 867 (9th Cir. 2012) ................................................................................ 12

*Van Vranken v. Alt. Richfield Co.,*
    901 F. Supp. 294 (N.D. Cal. 1995) .......................................................................... 2, 15, 16

*Vedachalam v. Tata Consulting Serv. Ltd.,*
    2013 U.S. Dist. LEXIS 100796 (N.D. Cal. July 18, 2013) ............................................. 13

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ................................................................. 1, 11, 12

*Williams v. MGM-Pathe Commc'ns Co.*,
    129 F.3d 1026 (9th Cir. 1997) ..................................................................... 2, 12

*Williams v. SuperShuttle Int'l, Inc.*,
    2015 U.S. Dist. LEXIS 19341 (N.D. Cal. Feb. 12, 2015) ................................. 13

**State Cases**

*Apple Computer, Inc. v. Superior Court*,
    126 Cal.App.4th 1253 (2005) ............................................................................. 11

*Chavez v. Netflix, Inc.*,
    162 Cal.App.4th 43 (2008) ................................................................................. 13

*Clark v. Am. Residential Serv. LLC*,
    175 Cal.App.4th 785 (2009) ............................................................................ 2, 15

*Glendale City Employees' Assoc. v. City of Glendale*,
    15 Cal. 3d 328 (1975) ........................................................................................ 11

*In re Consumer Privacy Cases*,
    175 Cal.App.4th 545 (2009) ......................................................................... 11, 13

*Laffitte v. Robert Half Internat. Inc.*,
    1 Cal. 5th 480 (2016) .................................................................................... 1, 11

*Lealao v. Beneficial California, Inc.*,
    82 Cal.App.4th 19 (2000) ..................................................................................... 2

*Serrano v. Priest (Serrano III)*,
    20 Cal. 3d 25 (1977) .................................................................................... 11, 13

*Serrano v. Priest*,
    32 Cal.3d 621 (1982) ......................................................................................... 13

**State Statutes**

California Business & Professions Code
    § 17200 ................................................................................................................ 3

California Labor Code
    § 201 .................................................................................................................... 3
    § 203 .................................................................................................................... 3
    § 226 .................................................................................................................... 3
    § 226.7 ................................................................................................................. 3
    § 510 .................................................................................................................... 3
    § 512 .................................................................................................................... 3
    § 1194 .................................................................................................................. 3
    § 1194.2 ............................................................................................................... 3
    § 1197 .................................................................................................................. 3
    § 1197.1 ............................................................................................................... 3
    § 2699 .............................................................................................................. 7, 8

**Rules**

Federal Rules of Civil Procedure,
    Rule 23 ........................................................................................................... 2, 11

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Court preliminarily approved the non-reversionary settlement of this putative class action on March 9, 2022.[1]  Frank Sica ("Plaintiff") now moves the Court for an award of reasonable attorneys' fees and costs incurred during this litigation.  Plaintiff also seeks an order approving the requested Class Representative Incentive Award/General Release Payment and payment of the Settlement Administrator's fees.

On May 26, 2021 and September 1, 2021, Plaintiff and Madison Industrial Services Team, Limited Partnership ("Defendant" or "Madison") (collectively, the "Parties") participated in two lengthy mediation sessions with the highly experienced and skilled mediator Steve Pearl, Esq. and reached a settlement of the entire action.  All of the settlement terms are set forth in the Settlement Agreement, subject to the Court's approval.[2]

Plaintiff seeks an award to Class Counsel of attorneys' fees in the amount of $195,000, which is 30% of the common fund, and $15,352.54 in costs.[3]  Under California law,[4] when the settlement produces a specific, identifiable common fund for the benefit of the entire class, the court may award attorneys' fees using the percentage of the fund method.[5]  Class Counsel's requested award of attorneys' fees is reasonable and appropriate in light of the work that Class

---

[1] Dkt. 39 (Order Granting Motion for Preliminary Approval of Class Action Settlement "Preliminary Approval Order"), Ex. A (the Joint Stipulation of Class Action and PAGA Settlement and Release of Claims ("Settlement Agreement") attached to the Grover Declaration submitted in support of the preliminary approval motion).

[2] *See generally*, Ex. A, Grover Decl. at ¶¶ 5, 16.

[3] *See* Ex. A at §§ III.M.4, I.F; Grover Decl. at ¶¶ 55-78; Declaration of Scot D. Bernstein submitted in support of this motion ("Bernstein Decl.") at ¶¶ 3-4, 6-10, Ex. 2.

[4] Federal courts may award reasonable attorneys' fees and costs under Federal Rule of Civil Procedure ("Rule") 23(h) and, in state law actions, also apply state law when determining appropriate attorneys' fees.  *See e.g.*, *Morrison v. Am. Nat'l Red Cross*, No. 19-cv-02855-HSG, 2021 U.S. Dist. LEXIS 4043, at *18 (N.D. Cal. Jan. 8, 2021), citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Gonzalez v. S. Wine & Spirits of Am., Inc.*, 555 F. App'x 704, 704 (9th Cir. 2014) (finding district court abused its discretion by applying federal law over state law when calculating fee award in state action removed on diversity jurisdiction).

[5] *Laffitte v. Robert Half Internat. Inc.*, 1 Cal. 5th 480, 506 (2016) (clarifying that the percentage of the common fund is a proper method for awarding fees).

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    Counsel performed in the case, the contingent nature of this action, and the results achieved.[6]

2        A lodestar cross-check confirms the reasonableness of Plaintiff's fee request as the request

3    is less than Class Counsel's lodestar.[7]  Class Counsel's hourly rates are reasonable in light of their

4    experience, skill, and expertise and the rates are consistent with those of attorneys of similar

5    qualifications in this practice area.[8]  Class Counsel has provided detailed time records regarding

6    their hours spent litigating this action and hourly rates.[9]

7        Plaintiff also requests that the Court confirm the Class Representative Incentive

8    Award/General Release Payment in the amount of $7,500 for Plaintiff Sica.[10]  Courts approve

9    awards to plaintiffs when justified and appropriate to compensate plaintiffs for time, effort and

10    inconvenience.[11]  Plaintiff Sica also is providing a General Release of his claims in exchange for

11    a General Release Payment, which is included in Plaintiff's Class Representative Incentive

12    Award/General Release Payment.[12]  The General Release does not apply to the Settlement Class

13    Members who are subject to only a Limited Release under the Settlement Agreement.[13]

14        Plaintiff further requests that the Court approve the payment of fees of the Court-approved

15    Settlement Administrator Simpluris, Inc. ("Simpluris" or the "Settlement Administrator") in

16    amount not to exceed $9,000.  Simpluris has provided a declaration setting forth its fees.[14]

17    **II.    PROCEDURAL HISTORY AND NOTICE PROCESS**

18        **A.    Factual background and procedural history.**

19

20    [6] *Lealao v. Beneficial California, Inc.*, 82 Cal.App.4th 19, 26 (2000); *Williams v. MGM-Pathe
      Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997); Grover Decl. at ¶¶ 10-20, 55, 68-74.

21    [7] Grover Decl. at ¶¶ 56-67; Bernstein Decl. at ¶¶ 3-4, 6-10, Ex. 2.

22    [8] Grover Decl. at ¶¶ 2-4, 58-65; Bernstein Decl. at ¶¶ 2, 8, Exs. 1-2.

23    [9] Grover Decl. at ¶¶ 10-20, 56-58, Exs. B-E.  Bernstein Decl. at ¶¶ 3-4, 6-10, Ex. 2.

      [10] Ex. A at § III.M.3.a; *see also*, § I.J; Grover Decl. at ¶¶ 51-54.

24    [11] *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009); *Morrison*, 2021 U.S.

25    Dist. LEXIS 4043, at *23-25.  *See also, e.g., Clark v. Am. Residential Serv. LLC*, 175 Cal.App.4th
      785, 804 (2009) citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) and *Van Vranken v.

26    Alt. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

27    [12] Ex. A at § III.M.3.a; *see also*, § I.J; Grover Decl. at ¶ 54.

      [13] Ex. A at §§ III.B; III.C; *see also*, § I.LL.

28    [14] Declaration of Evelin Reyes of Simpluris, Inc. ("Simpluris Decl.") at ¶¶ 17-18.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Madison employs hourly workers who work on-site at its clients' power plants and other industrial plants in California and other states.[15]  Plaintiff Sica worked for Madison as an hourly-paid as a pipefitter on a project that took place in October 2019 at the Conoco Phillips refinery in Rodeo, California.[16]

Plaintiff sent a letter to the Labor and Workforce Development Agency ("LWDA") on September 14, 2020, providing notice of alleged Labor Code violations.[17]  Plaintiff initially filed this action on September 30, 2020 in Alameda County Superior Court and filed the FAC on November 19, 2020.[18]  Defendant removed to the United States District Court for Northern District of California on November 25, 2020.[19]  In the FAC, Plaintiff asserts that Madison failed to pay at least the minimum wage for all pre-shift and post-shift time worked, failed to provide timely, off-duty 30-minute meal periods, failed to provide accurate, itemized wage statements, and failed to pay all wages due upon termination.  Based on that alleged conduct, Plaintiff asserts class claims based on allegations that Defendant violated California Business & Professions Code §§ 17200, *et seq.*, California Labor Code §§ 201-203, 226, 226.7, 510, 512, 1194, 1194.2, 1197 and 1197.1, and Wage Order 16.  Plaintiff also alleges related representative PAGA claims.[20]

Defendant has denied all of the allegations in their entirety.[21]  To date, no court has found any wrongdoing on the part of Defendant or that it otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues in the litigation.[22]

In an effort to avoid the risk and expense of lengthy litigation, the Parties attended two private mediation sessions relatively early in the course of this action.[23] In preparation for each mediation, the Parties exchanged additional information necessary to provide each other with a

---

[15] Dkt. 1-7 (the operative First Amended Complaint ("FAC")) at ¶¶ 5, 9.

[16] Dkt. 1-7 at ¶¶ 4, 10.

[17] Ex. A at § II.B; Grover Decl. at ¶ 7.

[18] Dkt. 1-1 (initial Complaint) and 1-7 (FAC); Grover Decl. at ¶ 7.

[19] Dkt. 1, 1-1, 1-7.

[20] Dkt. 1-7 at ¶¶ 9-103.

[21] Grover Decl. at ¶ 8; Ex. A at § II.E.

[22] Grover Decl. at ¶ 8.

[23] Grover Decl. at ¶¶ 12-15; Ex. A at § II.C.

thorough understanding of their respective legal theories and defenses and to engage in productive settlement negotiations.[24]  Through the mediations on May 26, 2021 and September 1, 2021 with the highly experienced and skilled mediator Steve Pearl, Esq., the Parties agreed to settle the entire action, subject to the Court's approval.[25]  All terms of the Parties' settlement are set forth in the Settlement Agreement.[26]

### B.    Class Counsel's work in this litigation.

Class Counsel expended time and effort in investigating, researching and preparing this case for litigation.  Class Counsel investigated and researched the named Plaintiff's potential Labor Code claims, both in the individual context and as putative class claims.  The investigation and research also provided Class Counsel with relevant information regarding the legal and factual issues affecting the PAGA claims in this case.[27]  Class Counsel drafted and filed the initial complaint.[28]  Class Counsel also drafted and filed Plaintiff's First Amended Complaint.[29] Defendant removed the action to this Court on November 25, 2020.[30]

Relatively early in the litigation, the Parties engaged in discussions regarding possible early settlement.  To avoid the risk and expense of lengthy litigation, the Parties agreed to attend mediation.[31]  Prior to the first session, Class Counsel drafted and sent a detailed mediation information request.  In response, Madison provided information and documents which Class Counsel reviewed and analyzed in advance of the mediation.  Additional information was provided by Defendant in advance of the second day of mediation.[32]

Through the mediation, the Parties agreed to settle the entire action, subject to the Court's

---

[24] Ex. A at § II.C; Grover Decl. at ¶¶ 12-14.

[25] Ex. A at § II.C; Grover Decl. at ¶ 15.

[26] *See generally*, Ex. A; Grover Decl. at ¶ 16.

[27] Grover Decl. at ¶ 10.

[28] Grover Decl. at ¶ 10. *See* Dkt. 1-1.

[29] Grover Decl. at ¶ 10. *See* Dkt. 1-7.

[30] Dkt. 1.

[31] Ex. A at § II.C; Grover Decl. at ¶ 11.

[32] Grover Decl. at ¶¶ 11-14.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

approval.[33]    Following  mediation,  Class  Counsel  drafted  a  detailed,  formalized  settlement agreement and exhibits and negotiated the language and terms with Defendant's counsel until the Settlement Agreement and its exhibits were finalized and executed.[34]

On  December  29,  2021,  Plaintiff  moved  for  preliminary  approval  of  the  settlement.[35] Class Counsel drafted and filed the motion for preliminary approval of the proposed class action and supporting papers.[36]  On January 27, 2022, the Court issued an order requesting the Parties submit supplement briefing to address certain issues regarding the settlement.[37]  Class Counsel worked with counsel for Defendant to draft and file the joint supplemental brief.[38]  The Court preliminarily approved the settlement on March 9, 2022.[39]

After preliminary approval, Class Counsel have spent time speaking with Class Members and interacting with Defendant's counsel and Simpluris on settlement administration issues. Class Counsel will spend additional time working with Defendant's counsel and the Settlement Administrator, speaking with Class Members, finalizing this motion, preparing and filing the final approval motion, and preparing for and attending the final fairness hearing.[40]

**C.    Status of the notice process and Class Members' response after preliminary approval.**

Pursuant to the Preliminary Approval Order, the Settlement Class Members ("SCMs") are "all Class Members who do not submit a valid Request for Exclusion,"[41] and have defined "Class Members" as:

> all  current  and  former  hourly  on-site  employees  who  worked  for Defendant  in  California  during  the  Class  Period.  An  individual  Class

---

[33] Ex. A at § II.C; Grover Decl. at ¶ 15.

[34] *See generally*, Ex. A; Grover Decl. at ¶ 16.

[35] *See* Dkt. 27.

[36] Grover Decl. at ¶ 17.

[37] Dkt. 34.

[38] Dkt. 35.

[39] Dkt. 39.

[40] Grover Decl. at ¶ 20.

[41] Dkt. 39 at ¶ 2; *see also*, Ex. A at §§ I.H, I.QQ.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Member also may be an Aggrieved Employee if he or she falls within the "Aggrieved Employee" definition.[42]

The Class Period is September 30, 2016 through September 30, 2021, inclusive.[43]

For the PAGA settlement, the Parties have agreed to define "Aggrieved Employees" as "all current and former hourly on-site employees who worked for Defendant in California at any time during the PAGA Period. All individual Aggrieved Employee are also Class Members."[44]

From its records, Defendant identified 377 Class Members.[45] Defendant provided the necessary relevant information about the Class Members to the Settlement Administrator. On April 13, 2022, Simpluris mailed the Court-approved Notice of Class and PAGA Action Settlement ("Class Notice") to 377 Class Members.[46]

To date, 23 Class Notices have been returned to Simpluris by the Post Office. Simpluris located updated addresses and remailed 17 of those returned Class Notices. Only six Class Notices remain undeliverable. Thus, the Class Notice mailing had a 98% success rate.[47]

Class Members do not have to file a claim to participate in the settlement.[48] All Class Members have until May 31, 2022 to opt out of or object to the settlement.[49] As of the filing of this motion, Simpluris has received no opt-outs and no objections.[50]

The Settlement Agreement also provides Class Members the opportunity to dispute the number of Qualified Shifts on which his or her Individual Settlement Payment amount is based.[51] Simpluris has received no disputes to date.[52]

---

[42] Dkt. 39 at ¶ 2.

[43] Dkt. 39 at ¶ 2.

[44] Dkt. 39 at ¶ 3.

[45] Simpluris Decl. at ¶ 7; *see* Grover Decl. at ¶¶ 14, n.1, 44.

[46] Simpluris Decl. at ¶ 9; *see* Grover Decl. at ¶ 25.

[47] Simpluris Decl. at ¶ 10.

[48] Ex. A at § III.M.2.a.

[49] Simpluris Decl. at ¶ 11; *see* Ex. A at § I.NN.

[50] Simpluris Decl. at ¶¶ 11-12.

[51] Ex. A at § III.L.5.

[52] Simpluris Decl. at ¶ 13.

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

### III.    THE SETTLEMENT TERMS

The Settlement provides that Defendant will pay $650,000 <u>plus</u> the employer's share of the payroll taxes, referred to as the Maximum Settlement Amount ("MSA"), to resolve the claims covered by the Settlement.[53]    After subtracting out the amounts allocated to Class Counsel's award of fees (no more than $195,000) and actual, out-of-pocket expenses and costs (estimated not to exceed $17,500), the Class Representative Incentive Award/General Release Payment (not to exceed $7,500), the settlement administration costs (not to exceed $9,000), and the PAGA Payment ($20,000), the remaining funds, referred to as the Net Settlement Amount, will be distributed in full to the SCMs, defined as Class Members who do not submit a valid, timely request for exclusion.[54] The Net Settlement Amount will be at least $401,000.[55]    Defendant has no revisionary interest in the MSA.[56]

#### A.    Payments to Settlement Class Members

The Settlement provides that SCMs will receive Individual Settlement Payments without the need to submit a claim form.[57]    Each SCM's Individual Settlement Payment will be calculated in the manner set forth in Section M.2.1.a of the Settlement Agreement.    If no Class Members opt-out, the average estimated payment amount will $1,063.66.[58]    Simpluris will submit a Supplemental Declaration in connection with the filing of the final approval motion updating the Class Member response to the class notice mailing.

#### B.    Payments to Aggrieved Employees and the State.

The Parties have agreed to allocate $20,000 of the MSA to settle the PAGA claims, referred to as the PAGA Payment.[59]    Labor Code § 2699(i) requires that the LWDA receive 75%

---

[53] Ex. A at §§ I.V, III.A., III.M.

[54] Ex. A at §§ I.W and III.M.2; *see*, §§ I.H and I.QQ; Grover Decl. at ¶ 31.

[55] Grover Decl. at ¶ 31; Ex. A at § I.W.

[56] Ex. A at § III.M.

[57] Ex. A at § III.M.2.a.

[58] Simpluris Decl. at ¶ 16; Grover Decl. at ¶ 34.

[59] Lab. Code § 2699(f); Ex. A at §§ I.Z, III.M.5.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

($15,000) of the PAGA settlement amount and Aggrieved Employees receive 25% (5,000).[60]

To distribute the 25% allocated to the Aggrieved Employees, the Settlement Administrator will distribute Individual PAGA Payments according to the formula set forth in the Settlement Agreement.[61]  The Settlement Administrator will divide the respective Qualified Pay Periods for each Aggrieved Employees by the total Qualified Pay Periods for all Aggrieved Employees, resulting in the Payment Ratio – Aggrieved Employees for each Aggrieved Employee.[62]  Each Aggrieved Employee's Payment Ratio then will be multiplied by the $5,000 portion of the PAGA Payment allocated to the Aggrieved Employees to calculate each Individual PAGA Payment.[63]

All Class Members are Aggrieved Employees, thus 25% of the PAGA payment will be divided amongst the estimated 377 Aggrieved Employees in addition to their individual payments for the class claims.[64]  Each Aggrieved Employees will receive individual PAGA payments in the amount of approximately $13.26 ($5,000/377).[65]

### C.    Cy Pres Distribution

The Parties have agreed that, subject to the Court's approval, any unclaimed funds will be distributed to their selected *cy pres* recipient, Legal Aid at Work, which is a 501(c)(3) organization that provides low-wage workers with legal representation, education and policy advocacy to enforce and strengthen workers' rights. (https://legalaidatwork.org).[66]

### D.    Limited Release applicable to Settlement Class Members

The Settlement Agreement provides a Limited Release applicable to the SCMs, through

---

[60] Ex. A at §§ I.U, I.Z, III.M.5; Lab. Code § 2699(i).

[61] Ex. A at § III.M.2.b; *see also*, § I.R.

[62] Ex. A at § III.M.2.b; *see also*, §§ I.R, I.II, I.AA. Qualified Pay Periods are defined as any and all pay periods (as reflected in Defendant's records) during which one or more Aggrieved Employees performed work for Defendant in California during the PAGA Period. Ex. A at § I.II.

[63] Ex. A at § III.M.2.b.

[64] Grover Decl. at ¶ 36.

[65] Grover Decl. at ¶ 36.

[66] Ex. A at § III.M.2.e; Grover Decl. at ¶ 50.

---

1  which SCMs, including Plaintiff, will release only the claims in the operative FAC.[67]   The

2  Released Claims are defined in the Settlement Agreement § I.LL.

3  **E.      The PAGA Release**

4        The Settlement provides a separate PAGA Release through which Plaintiff Sica,

5  individually and as representative acting as a proxy or agent of the LWDA, a State of California

6  Executive Branch Agency, releases the Released Parties of and from any and all claims for civil

7  penalties, attorneys' fees, and litigations costs under PAGA (the "PAGA Released Claims").[68]

8  No individual Class Members or Aggrieved Employees are providing a PAGA Release.

9  **F.      The General Release by Plaintiff Sica**

10        Plaintiff Sica will provide a General Release of his individual claims against the Released

11  Parties in exchange for a General Release Payment, which is included in the Plaintiff's Class

12  Representative Incentive Award/General Release Payment discussed in the next section.[69]  The

13  Class Representative Incentive Award/General Release Payment are in addition to the named

14  Plaintiff's Individual Settlement Payment.[70]

15  **G.      Class Representative Incentive Award/General Release Payment**

16        The Settlement Agreement provides reasonable $7,500 Incentive Award to the Class

17  Representative to compensate him for the risks that he incurred and the time and effort he

18  expended in bringing and prosecuting the employment-related claims alleged in this action on

19  behalf of the putative class.[71]

20        In the event that the Court reduces the Class Representative Incentive Award/General

21  Release Payment, Plaintiff shall not have the right to modify or revoke the Settlement, the

22  Settlement will remain binding, and Plaintiff may not seek an increase in the MSA on that basis.[72]

23

24  ───────────────

[67] Ex. A at § III.B, *see also*, §§ I.LL, I.MM (defining the Released Claims and Released Parties).

25  [68] Ex. A at § III.D, *see also*, § I.BB.

26  [69] Ex. A at § III.C; *see also*, § I.J; *see* Grover Decl. at ¶ 54.

27  [70] Ex. A at § III.M.3.a.

[71] Ex. A at § III.M.3.a; *see also*, § I.J; Grover Decl. at ¶¶ 51-54.

28  [72] Ex. A at §§ III.M.3.d.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   Any unawarded amount becomes part of the Net Settlement Amount to be distributed to SCMs.[73]

2   **H.    Settlement Administration Costs**

3   The Settlement Agreement provides that the Settlement Administrator may be paid fees of

4   up to $9,000.[74]  Simpluris has performed and will continue to perform tasks necessary to the

5   administration of the settlement, including providing notice to the Class Members, receiving

6   request for exclusion and objection, processing all returned mail, calculation individual settlement

7   payments, handling inquiries from Class Members, and issuing and mailing settlement

8   payments.[75]  Simpluris' costs to date and for the work that will be required to complete the

9   settlement administration in this action will not exceed $7,000.[76]

10  **I.    The Settlement Agreement and Notice clearly state the attorneys' fees and**

11  **costs.**

12  Class Counsel is requesting attorneys' fees in the amount of $195,000, which is 30% of

13  the MSA, plus $15,352.54 in out-of-pocket costs incurred litigating this action.[77] The requested

14  fee amount – which is less than Class Counsel's current lodestar – is intended to compensate

15  Class Counsel for the benefits achieved for the Class, the efficient and fair resolution of the Class

16  claims, the risk of taking on a complex class action on a contingency basis, the preclusion of

17  accepting other work, plus the work that Class Counsel already performed litigating this action

18  and will perform documenting and securing approval of the settlement, making sure that the

19  settlement is fairly administered and implemented, and obtaining dismissal of the action.

20  In the event that the Court reduces the requested Class Counsel Award, Plaintiff and Class

21  Counsel shall not have the right to modify or revoke the Settlement and the Settlement will

22  remain binding.[78]  Any unawarded portion of the requested Class Counsel Award shall be part of

23  _____

24  [73] Ex. A at §§ III.M.3.b.

    [74] Ex. A at § III.M.6.  The original bid was for an amount not to exceed $7,000.  The Court added
25  a requirement for a settlement website at preliminary approval.  The addition of the settlement
    website increased the cost of administration by $2,000.  *See* Simpluris Decl. at ¶ 17.

26  [75] *See generally*, Simpluris Declaration.

    [76] Simpluris Decl. at ¶ _, Ex. B.
27
    [77] Ex. A at § III.M.4.a; *see also*, § I.V; Grover Decl. at ¶¶ 55-78; Bernstein Decl. at ¶¶ 3-10, Ex. 2.
28  [78] Ex. A at §§ III.M.4.f.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

the Net Settlement Amount and shall be distributed to SCMs as provided in this Agreement.[79]

## IV.   ARGUMENT

### A.   Class Counsel requests an award under the common benefit doctrine.

#### 1.   A fee award of 30% is reasonable here.

The fee application is made pursuant to Federal Rule 23(h),[80] which requires court approval of fees paid through settlement of a class action.  When a state law action is removed on diversity jurisdiction grounds, state law governs the calculation of attorneys' fees.[81]

Under California law, the "percentage of [the] fund method" is a proper method for calculating fees in class actions.[82]  Class Counsel seeks fees of 30% of the amount that Defendant will pay to fund the settlement.  The California Supreme Court recently clarified that the percentage of the common fund is a proper and accepted method for awarding fees.[83]  Indeed, courts have long recognized the "common fund" or "common benefit" doctrine, under which attorneys who create a common fund or benefit for a group of persons may be awarded their fees and costs to be paid out of the fund.[84]  In *Laffitte*, the court held that, "when class action litigation establishes a monetary fund for the benefit of the class members, and the trial court in its equitable powers awards class counsel a fee out of that fund, the court may determine the amount of a reasonable fee by choosing an appropriate percentage of the fund created."[85]

The Ninth Circuit has explained that "attorneys for a successful class may recover a fee based on the entire common fund created for the class, even if some class members make no claims against the fund so that money remains in it that otherwise would be returned to the

---

[79] Ex. A at § III.M.4.c.

[80] *See also*, Rule 23(e)(2)(C)(iii).

[81] *Morrison*, 2021 U.S. Dist. LEXIS 4043, at *18-19, citing *Vizcaino*, 290 F.3d at 1047.  Courts applying California law still may look to federal authority for guidance in awarding attorneys' fees. *Id.*, citing *Apple Computer, Inc. v. Superior Court*, 126 Cal.App.4th 1253, 1264, n.4 (2005).

[82] *Laffitte*, 1 Cal. 5th at 506; *Morrison*, 2021 U.S. Dist. LEXIS 4043, at *18-19, citing same.

[83] *Laffitte*, 1 Cal. 5th at 503.

[84] *Id.*; *see e.g.*, *Serrano v. Priest* (*Serrano III*), 20 Cal. 3d 25, 34 (1977); *Glendale City Employees' Assoc. v. City of Glendale*, 15 Cal. 3d 328, 341, fn. 19 (1975); *In re Consumer Privacy Cases*, 175 Cal.App.4th 545, 557 (2009); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

[85] *Laffitte*, 1 Cal. 5th at 503 (extended analysis of state law regarding fee award methodology).

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

defendants."[86]    Courts may even look at the total fund value in a reversionary settlement, although that is not necessary in this "all-in" (*i.e.*, non-reversionary) settlement.[87]    Although the Ninth Circuit's general benchmark is 25%, "California district courts usually award attorneys' fees in the range of 30-40% in wage and hour class actions that result in the recovery of a common fund under $10 million."[88]

The Settlement Agreement provides a fixed common fund from which reasonable attorneys' fees can be recovered.    The common fund will substantially benefit all Settlement Class Members, *i.e.*, all Class Members who do not opt out.    Thus, the common fund doctrine enables the Court to determine a reasonable fee with "some exactitude."[89]

Accordingly, Class Counsel's fee request of 30% of the amount that Defendant will need to pay to fund the settlement, is fair and reasonable and is within the range of awards in California and the Ninth Circuit.    It is also reasonable given Class Counsel's actual anticipated final lodestar,[90] the history of this action, and the results obtained by Class Counsel.

### 2.    A cross-check using the lodestar method supports Class Counsel's fee request.

Fee calculations under the lodestar method would result in a similar award, demonstrating the fairness of Class Counsel's percentage fee request.    Because this is a common fund case, the lodestar method, if used at all, serves only to cross check the reasonableness of the fee request.[91]

---

[86] *Williams*, 129 F.3d at 1027.    *See also*, *Boeing*, 444 U.S. at 478 ("a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.").

[87] *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) (quoting *Boeing v. Van Gemert*); *Williams*, 129 F.3d at 1027 (finding abuse of discretion in fee award based on percentage of claims made rather than the total common fund); *Stern v. Gambello*, 480 Fed. App'x 867, 870 (9th Cir. 2012) (approving weighing requested fees against potential recovery, not claims actually made).

[88] *Rivas v. BG Retail, LLC*, No. 16-cv-06458-BLF, 2020 U.S. Dist. LEXIS 8712, at *23 (N.D. Cal. Jan. 16, 2020). *See also*, *e.g.*, *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) ("federal courts have consistently approved of attorney fee awards over the 25% benchmark, specifically at a rate of 30% or higher." (quotations, alterations omitted)).

[89] *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).

[90] Class Counsel's lodestar is discussed in Section IV.A.2 below.

[91] *See*, *e.g.*, *Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x 452, 456 (9th Cir. 2009) (approving "informal lodestar cross-check" to confirm reasonableness of percentage award); *Vizcaino*, 290

*(Cont'd)*

Under the lodestar method, a base fee amount is calculated from a compilation of time reasonably spent on the case and the reasonable hourly compensation of the attorney. The base amount is then adjusted by use of a multiplier in light of various factors.[92]

Class Counsel's hourly rates are summarized in the Grover Declaration and Bernstein Declaration filed in support of this motion.[93] Class Counsel's hourly rates are well within the range of those found permissible for attorneys practicing class action litigation in California.[94]

Class Counsel has spent approximately 262.80 hours litigating this case through May 16, 2022, as described in further detail in the Grover Declaration.[95] Class Counsel expects to spend another 20 hours completing the work on this motion and the final approval motion, preparing for and attending the Final Approval Hearing, and dealing with settlement administration issues.[96] The fee award should include fees incurred to establish and defend the attorneys' fee claim.[97] The lodestar for Class Counsel through May 16, 2022 is $216,097.50.[98] The expected final

---

F.3d at 1050 (similar).

[92] *Serrano III*, 20 Cal.3d at 48; *In re Consumer Privacy Cases*, 175 Cal.App.4th at 556 (factors may include the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented); *Chavez v. Netflix, Inc.* 162 Cal.App.4th 43, 61-67 (2008) (similar factors considered including rate of acceptance of the settlement benefits).

[93] Grover Decl. at ¶¶ 58-63; Bernstein Decl. at ¶ 8, Ex. 2.

[94] *See e.g., Gonzalez,* 555 F. App'x at 704-05 (reversing district court's order reducing attorneys' hourly rates without considering evidence of "prevailing hourly rates for comparable legal services in the community"); *Acosta v. Frito-Lay, Inc.,* No. 15-cv-02128-JSC, 2018 U.S. Dist. LEXIS 75988, at *37-39 (N.D. Cal. May 14, 2018) (similar range of rates for Bay Area counsel experienced in complex class actions was reasonable); *Nitsch v. DreamWorks Animation SKG Inc.*, No. 14-cv-04062-LHK, 2017 U.S. Dist. Lexis 86124, at *32-33 (N.D. Cal. June 5, 2017) (similar); *O'Bannon v. NCAA,* No. 09-cv-03329-CW (NC) 2015 U.S. Dist. LEXIS 91514, at *14 (N.D. Cal. July 13, 2015) (similar); *Williams v. SuperShuttle Int'l, Inc.*, No. 12-cv-06493-WHO, 2015 U.S. Dist. LEXIS 19341, at *5 (N.D. Cal. Feb. 12, 2015) (similar); *Steinfeld v. Discover Fin. Servs,*. No. C 12-01118 JSW, 2014 U.S. Dist. LEXIS 48540, at *4-5 (N.D. Cal. Mar. 31, 2014) (similar); *Vedachalam v. Tata Consulting Serv. Ltd.*, No. C 06-0963 CW, 2013 U.S. Dist. LEXIS 100796, at *8 (N.D. Cal. July 18, 2013) (similar); *Bolton v. U.S. Nursing Corp.*. No. C 12-4466 LB, 2013 U.S. Dist. LEXIS 150299, at *14-15 (N.D. Cal. Oct. 18, 2013) (similar); *see also*, Grover Decl. at ¶¶ 64-65 (noting range of hourly rates approved in recent Bay Area fee orders).

[95] Grover Decl. at ¶¶ 10-20, 56, 58, Exs. B-E; Bernstein Decl. at ¶¶ 3-4, 6-10, Ex. 2.

[96] Grover Decl. at ¶¶ 20, 57.

[97] *Serrano v. Priest*, 32 Cal.3d 621, 639 (1982) ("*Serrano IV*").

[98] Grover Decl. at ¶¶ 58, 66-67.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

lodestar for Class Counsel will exceed $230,000.[99]   Class Counsel will file a supplemental declaration as part of the final approval motion updating Class Counsel's hours worked and lodestar.

### 3.    No Class Member has objected to the fee award thus far.

Counsel's intention to request payment of attorneys' fees and out-of-pocket costs was clearly disclosed to each Class Member in the Court-approved Class Notice.[100]   Thus far, no objection has been filed opposing the request for the maximum potential award of attorneys' fees and costs, signaling the Class Members' approval of the attorneys' fees award.[101]

### B.    Class Counsel's request for costs also is reasonable.

Class Counsel request reimbursement of the actual costs incurred litigating this action in the amount of $15,352.54.[102]   As detailed in the Grover and Bernstein Declarations, in the course of this litigation, Class Counsel has incurred actual out-of-pocket costs in the amount of $15,102.54 to date and expect to incur another $250 in additional costs, for total costs of $15,352.54.[103]   In connection with a settlement, "Class Counsel is entitled to recover 'those out-of-pocket expenses that would normally be charged to a fee paying client.'"[104]

As demonstrated in the Grover and Bernstein Declarations, the incurred costs included mediation fees, filing fees, courier charges, legal research fees, meals, and postage.[105]   The costs that Class Counsel incurred litigating this action benefitted the SCMs and are the type of costs that would be billed to a non-contingency client and, therefore, are appropriate for

---

[99] Grover Decl. at ¶ 67; *see also*, ¶¶ 20, 57.

[100] Simpluris Decl., Ex. A.

[101] Simpluris Decl. at ¶ _; Grover Decl. at ¶¶ 28, 41.

[102] Ex. A at § III.M.4.a; Grover Decl. at ¶ 78.

[103] Grover Decl. at ¶ ¶ 75-78, Ex. F; Bernstein Decl. ¶ 5, Ex. 2.

[104] *Morrison*, 2021 U.S. Dist. LEXIS 4043, at *22, quoting *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) and approving reimbursement of mediation costs, travel related fees, filing and service of process fees. *See, e.g.*, *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2007) (attorneys may recover costs that "would typically be billed to paying clients in non-contingency matters," approving reimbursement of "photocopying, printing, postage and messenger services, court costs, legal research …, experts and consultants," and travel costs).

[105] *See* Grover Decl. at ¶ 75.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  reimbursement.  Class Counsel's $15,352.54 cost request is reasonable and should be granted.

2  ### C.    The Class Representative's Class Representative Incentive Award/General

3  ### Release Payment is also reasonable.

4  As Class Representative, Plaintiff seeks an incentive award and general release payment

5  in the amount of $7,500 to Plaintiff Sica.[106]  The payment is intended to recognize the time and

6  effort that, as Class Representative, he spent on behalf of the Settlement Class.[107]

7  Incentive awards are "fairly typical in class action cases" and "are intended to compensate

8  class representatives for work done on behalf of the class, to make up for financial or reputational

9  risk undertaken in bringing the action."[108]

10  When determining whether incentive awards are appropriate, courts consider a variety of

11  non-exclusive factors such as:

12  the actions the plaintiff has taken to protect the interests of the class, the
degree to which the class has benefitted from those actions, and the

13  amount of time and effort the plaintiff expended in pursuing the litigation .

14  . . the risk to the class representative in commencing suit, both financial
and otherwise, the notoriety and personal difficulties encountered by the

15  class representative, the duration of the litigation, and the personal benefit
(or lack thereof) enjoyed by the class representative as a result of the

16  litigation.[109]

17  In this case, the Class Representative performed the following tasks, among others:

18  (1) assisted Class Counsel in investigating and substantiating the claims alleged in this action;

19  (2) assisted in the preparation of the complaint in this action; (3) produced evidentiary

20  documents to Class Counsel; and (4) assisted in the preparation for the mediation and settlement

21  of this litigation.[110]  Also, as with any plaintiff who files a civil action, the Class Representative

22  undertook the financial risk that, in the event of a judgment in favor of Defendant in this action,

23  he could have been personally responsible for the costs awarded in favor of the Defendant.

24

25  [106] Ex. A at § III.M.3.a.

[107] Grover Decl. at ¶¶ 51-54; *see* Declarations of Frank Sica submitted herewith.

26  [108] *Rodriguez*, 563 F.3d at 958-59; *Morrison*, 2021 U.S. Dist. LEXIS 4043, at *23, quoting same.

27  [109] *Clark*, 175 Cal.App.4th at 804 (internal quotations omitted), citing *Cook*, 142 F.3d at 1016
and *Van Vranken*, 901 F.Supp. at 299.

28  [110] *See generally*, Sica Declaration; *see* Grover Decl. at ¶¶ 51-53.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Not a single Class Member, thus far, has objected to the incentive award requested on behalf of the Class Representative who brought this litigation on their behalf and who secured a benefit for them.[111]   In light of the work that the Class Representative performed on behalf of Class Members, and the Class Members' positive response to the settlement, the requested enhancement is reasonable and appropriate.

The Class Representative Incentive Award/General Release Payment amount also includes the General Release Payment to Plaintiff Sica in exchange for the General Release that he is providing.[112]   The General Release does not apply to the SCMs, who are subject to only a Limited Release.[113]   The General Release Payment therefore is not preferential treatment to the named Plaintiff.

**D.    Plaintiff seeks approval of the Settlement Administrator's fees incurred.**

As part of the preliminary approval process, the Court approved the hiring of Simpluris as the Settlement Administrator.[114]   In the Settlement Agreement, Simpluris agreed to a payment of not more than $7,000 to perform all of the duties required to administer the settlement.[115]   The addition of the settlement website has increased the cost of administration to an amount not to exceed $9,000.[116]   Simpluris has performed all of its required duties to date and is committed to completing the settlement administration process.[117]   Simpluris has calculated that its actual costs of administering the settlement will not exceed $9,000; which is the amount Plaintiff requests the Court approve as part of its final order approving the Settlement.

**V.    CONCLUSION**

For all of the foregoing reasons, Plaintiff requests that the Court (1) approve Class Counsel's request for an award of attorneys' fees in the amount of $195,000, (2) approve Class

---

[111] *See* Simpluris Decl. at ¶ _; Grover Decl. at ¶ 28.

[112] Ex. A at § III.M.3.a; *see also*, §§ I.J, III.C; Grover Decl. at ¶ 54.

[113] *See* Ex. A at §§ III.B, III.C.

[114] Dkt. 39 at ¶ 8.

[115] *See* Ex. A at § III.M.6.

[116] Simpluris Decl. at ¶ 17.

[117] *Id.*

Counsel's request for payment of costs in the amount of $15,352.54, (3) approve the Class Representative Incentive Award/General Release Payment in the amount of $7,500 to Plaintiff Sica, and (4) approve payment to Simpluris in the amount of $9,000 for the costs that it incurred administering this settlement.

Dated: May 17, 2022                    **KELLER GROVER LLP**


By:  */s/ Eric A. Grover*
        ERIC A. GROVER
        ROBERT SPENCER
        *Attorneys for Plaintiff*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861