ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
ROBERT W. SPENCER (SBN 238491)
rspencer@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,
A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiff
FRANK SICA

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK SICA, on behalf of himself, and all others similarly situated, and all aggrieved employees,<br><br>    Plaintiff,<br><br>  v.<br><br>MADISON INDUSTRIAL SERVICES TEAM, LIMITED PARTNERSHIP; and DOES 1 through 50, inclusive,<br><br>    Defendant. | Case No:  4:20-cv-08347-KAW<br><br>CLASS ACTION<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    August 4, 2022<br>Time:    1:30 p.m.<br>Ctrm:    TBD<br>Judge:   Kandis A. Westmore<br><br>Complaint Filed:  September 30, 2020<br>FAC filed:        November 19, 2020<br>Removal Date:     November 25, 2020 |

**PLEASE TAKE NOTICE THAT** on August 4, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable Kandis A. Westmore, FRANK SICA ("Plaintiff") will and hereby does move for an Order granting final approval of the class action settlement reached between Plaintiff and Madison Industrial Services Team, Limited Partnership ("Defendant" or "Madison"). Specifically, Plaintiff moves for an order: 1) confirming the Court's previous findings that the class certification requirements, for settlement purposes, are satisfied; 2) finding that the settlement is fair, reasonable and adequate; 3) finally approving the settlement; 4) finding that proper notice of the settlement was given; 5) directing distribution of settlement benefits; 6) dismissing Plaintiff's claims with prejudice; 7) binding Class Members who did not timely exclude themselves from the settlement to the release of claims in favor of Defendant as set forth in the settlement agreement; 8) barring Class Members who did not timely object to the settlement or exclude themselves from the settlement from prosecuting or pursuing any appeal of the Court's order (to the extent permitted by law); 9) direct that the clerk of the Court enter the Court's order as a final judgment; and 10) without affecting the finality of the final judgment, reserve continuing jurisdiction over the parties for the purposes of implementing, enforcing and/or administering the settlement.

This Motion is made pursuant to Federal Rule of Civil Procedure 23, which requires court approval of the settlement of a class action. This Motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities set forth herein, the parties' Joint Stipulation of Class Action and PAGA Settlement and Release of Claims, the Declarations of Eric A. Grover and Robert Spencer, the original and Supplemental Declarations of Evelin Reyes of Simpluris, Inc., the pleadings and papers filed in this case, and such evidence or oral argument as may be presented at the hearing.

Dated: June 29, 2022                         KELLER GROVER LLP

                                             By:   /s/ *Eric A. Grover*
                                             _____

                                             ERIC A. GROVER
                                             ROBERT SPENCER
                                             *Attorneys for Plaintiff*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

# TABLE OF CONTENTS

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**Page**

I.     INTRODUCTION ............................................................................................. 1

II.    BACKGROUND .............................................................................................. 2

       A.    Factual Background and Procedural History ....................................... 2

       B.    The Settlement Process ....................................................................... 3

       C.    Preliminary Approval, the Notice Process, and Class Members' Responses ........ 3

III.   THE TERMS OF THE SETTLEMENT AGREEMENT ................................. 5

       A.    The Settlement Benefits ...................................................................... 5

       B.    Payments to Settlement Class Members .............................................. 5

       C.    Payments to Aggrieved Employees and the State. ............................... 6

       D.    Cy Pres Distribution ........................................................................... 7

       E.    Limited Release Applicable to Settlement Class Members ................. 7

       F.    The PAGA Release .............................................................................. 7

       G.    The General Release by Plaintiff Sica ................................................ 8

       H.    Class Representative Incentive Award/General Release Payment ....... 8

       I.     Settlement administration costs ........................................................... 8

       J.     Attorneys' fees and costs .................................................................... 9

IV.    LEGAL ARGUMENT ..................................................................................... 9

       A.    The Notice was the Best Practicable Notice Under the Circumstances .......... 10

       B.    The Settlement is Fair, Reasonable, and Adequate ........................... 11

             1.    The strength of Plaintiff's case supports final approval ............ 11

             2.    The complexity, expense and likely duration of continued litigation
                   weighs in favor of final approval. ........................................ 12

             3.    The value of the settlement favors final approval. .................... 13

             4.    Disclosure of documents and data demonstrating the strengths and
                   weaknesses of this action was completed prior to entering into the
                   settlement. .......................................................................... 13

             5.    The experience and views of Class Counsel favor final approval. .......... 14

             6.    Class Members' positive reaction favors final approval. .............. 15

             7.    None of the *Bluetooth* signs of collusion are present. .................. 15

             8.    The settlement has no obvious deficiencies. ............................ 17

       C.    The Settlement Class Meets the Rule 23 Class Certification Requirements ........ 18

       D.    The PAGA settlement warrants approval. ........................................ 18

V.     CONCLUSION ............................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**                                                    **Page(s)**

*Ahmed v. HSBC Bank USA*,
  2019 U.S. Dist. LEXIS 104401 (C.D. Cal. June 21, 2019) ............................................... 17

*Baumann v. Chase Inv. Servs. Corp.*,
  747 F.3d 1117 (9th Cir. 2014) .......................................................................................... 18

*Briseño v. Henderson*,
  998 F.3d 1014 (9th Cir. 2021) ............................................................................... 10, 15, 16

*Campbell v. Facebook, Inc.*,
  951 F.3d 1106 (9th Cir. 2020) ............................................................................................ 9

*Churchill Village, L.L.C. v. GE*,
  361 F.3d 566 (9th Cir. 2004) ................................................................................. 10, 11, 15

*Curtis v. Irwin Industries, Inc.*,
  913 F.3d 1146 (9th Cir. 2019) .......................................................................................... 11

*Dyer v. Wells Fargo Bank, N.A.*,
  303 F.R.D. 326 (N.D. Cal. 2014) ...................................................................................... 17

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974) .......................................................................................................... 10

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ....................................................................................... 9, 14

*In re Hyundai & Kia Fuel Econ. Litig.*,
  926 F.3d 539 (9th Cir. 2019) .............................................................................................. 9

*Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*,
  654 F.3d 935 (9th Cir. 2011) ................................................................................ 1, 10, 15, 16

*Marquez v. Toll Glob. Forwarding*,
  804 F. App'x 679 (9th Cir. 2020) ................................................................................. 11, 12

*Miguel-Sanchez v. Mesa Packing, LLC*,
  2021 U.S. Dist. LEXIS 84437 (N.D. Cal. May 3, 2021) ................................................... 10

*Moreno v. Capital Bldg. Maint. & Cleaning Servs.*,
  2021 U.S. Dist. LEXIS 172633 (N.D. Cal. Sep. 10, 2021).................................... 1, 15, 16

*Morrison v. Am. Nat'l Red Cross*,
  2020 U.S. Dist. LEXIS 132712 (N.D. Cal. July 27, 2020) ................................................. 7

*Morrison v. Am. Nat'l Red Cross* ("*Morrison II*"),
  2021 U.S. Dist. LEXIS 4043 (N.D. Cal. Jan. 8, 2021) ................................................. 9, 15

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950) .......................................................................................................... 10

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ...................................................................................... 14

*Officers for Justice v. Civil Service Com.*,
  688 F.2d 615 (9th Cir. 1982) ............................................................................................ 14

*Perez v. CVS Health Corp.*,
    2021 U.S. Dist. LEXIS 110216 (E.D. Cal. June 11, 2021) ............................... 16

*Perks v. ActiveHours, Inc.*,
    2021 U.S. Dist. LEXIS 57272 (N.D. Cal. Mar. 25, 2021) ................................ 14

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ....................................................................................... 10

*Radcliff v. San Diego Gas & Elec. Co.*,
    519 F. Supp. 3d 743 (S.D. Cal. 2021) ............................................................ 12

*Rivas v. BG Retail, LLC*,
    2020 U.S. Dist. LEXIS 8712 (N.D. Cal. Jan. 16, 2020) .................................. 15

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ......................................................................... 17

*Romero v. Perryman (In re Easysaver Rewards Litig.)*,
    906 F.3d 747 (9th Cir. 2018) ........................................................................... 7

*Satchell v. Fed. Exp. Corp.*,
    2007 U.S. Dist. LEXIS 99066 (N.D. Cal. Apr. 13, 2007) ............................... 14

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) ......................................................................... 10

*Taafua v. Quantum Glob. Techs., LLC*,
    2021 U.S. Dist. LEXIS 28754 (N.D. Cal. Feb. 16, 2021) ............................... 14

*Toolajian v. Air Methods Corp.*,
    2020 U.S. Dist. LEXIS 250904 (N.D. Cal. Apr. 24, 2020) ............................. 17

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ....................................................................... 15

*Wong v. Arlo Techs.*,
    2021 U.S. Dist. LEXIS 58514 (N.D. Cal. Mar. 25, 2021) ......................... 10, 16

**State Cases**

*Arias v. Superior Court*,
    46 Cal. 4th 969 (2009) .................................................................................. 18

*Nordstrom Com'n Cases*,
    186 Cal.App.4th 576 (2010) .......................................................................... 18

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**Rules**

Federal Rules of Civil Procedure,
　　Rule 23 ................................................................................................................ *passim*

**Statutes**

California Business & Professions Code
　　§ 17200................................................................................................................... 2

California Labor Code
　　§ 201....................................................................................................................... 2
　　§ 203....................................................................................................................... 2
　　§ 226....................................................................................................................... 2
　　§ 226.7.................................................................................................................... 2
　　§ 510....................................................................................................................... 2
　　§ 512................................................................................................................... 2, 12
　　§ 1194..................................................................................................................... 2
　　§ 1194.2.................................................................................................................. 2
　　§ 1197..................................................................................................................... 2
　　§ 1197.1.................................................................................................................. 2
　　§ 2699..................................................................................................................6, 18

Labor Management Relations Act
　　§ 301 .................................................................................................................. 11, 12

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Frank Sica ("Plaintiff" or "Class Representative") requests that this Court grant final approval of the class settlement reached between Plaintiff and Madison Industrial Services Team, Limited Partnership ("Defendant" or "Madison"), (collectively, the "Parties").[1]   The Court granted preliminary approval of the proposed settlement and the Joint Stipulation of Class Action and PAGA Settlement and Release of Claims ("Settlement Agreement") on March 9, 2022.[2]   Simpluris, Inc. ("Simpluris"), the Court-approved Settlement Administrator, mailed the Notice of Class Action Settlement ("Notice") to the Class Members on April 13, 2022.[3]   Approximately 98% of the notices were mailed successfully.[4]   The deadline to opt-out of or object was May 31, 2022.[5]   No Class Member has opted-out or objected to the settlement.[6]   Accordingly, the Class has favorably responded to the proposed settlement.[7]

The Class Members' positive response reflects the monetary relief that the settlement provides.   To settle this action, Defendant is required to pay a Maximum Settlement Amount ("MSA") of $650,000, plus Defendant's share of payroll taxes.[8]   After subtracting the cost of administering the settlement, attorneys' fees and costs, and the named Plaintiff's Incentive

---

[1] Federal Rule of Civil Procedure ("Rule") 23(e) (court approval required for proposed class settlement); *see also, e.g.*, *Jones v. GN Netcom, Inc.* (*In re Bluetooth Headset Prods. Liab. Litig.*), 654 F.3d 935, 946 (9th Cir. 2011) ("*Bluetooth*").

[2] Dkt. 39 (the Court's March 9, 2022 Amended Order Granting Motion for Preliminary Approval of Class Action and PAGA Settlement ("Preliminary Approval Order")); Dkt. 41-1 (Declaration of Eric A. Grover filed in support of Plaintiff's motion for fees and costs on May 17, 2022 ("Fee Motion Grover Decl.")), Ex. A (the Settlement Agreement).

[3] Dkt. 41-4 (May 17, 2022 Declaration of Evelin Reyes of Simpluris at ¶ 9).

[4] Dkt. 41-4 (May 17, 2022 Declaration of Evelin Reyes of Simpluris at ¶ 10); Supplemental Declaration of Evelin Reyes of Simpluris, Inc. ("Simpluris") submitted with this motion ("Supplemental Simpluris Decl.") at ¶ 4.

[5] Supplemental Simpluris Decl. at ¶ 5.

[6] Supplemental Simpluris Decl. at ¶¶ 5, 6.

[7] *Moreno v. Capital Bldg. Maint. & Cleaning Servs.*, No. 19-cv-07087-DMR, 2021 U.S. Dist. LEXIS 172633, at *10 (N.D. Cal. Sep. 10, 2021) ("the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of [the settlement] are favorable to the class members." (internal quotations, citations omitted), citing cases.

[8] Dkt. 41-1, Ex. A at §§ I.V, III.A., III.M.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Award/General Release payment, the Settlement Agreement provides an available Net Settlement Amount now estimated to be $403,147.46 to be distributed in full to Settlement Class Members ("SCMs").[9]  There is no reversion to Defendant of any amount of the MSA.[10]  Plaintiff thus requests that the Court grant final approval of the settlement.

## II.    BACKGROUND

### A.    Factual Background and Procedural History

Madison employs hourly workers who work on-site at its clients' power plants and other industrial plants in California and other states.[11]  Plaintiff Sica worked for Madison as an hourly-paid as a pipefitter on a project that took place in October 2019 at the Conoco Phillips refinery in Rodeo, California.[12]

Plaintiff sent a letter to the Labor and Workforce Development Agency ("LWDA") on September 14, 2020, providing notice of alleged Labor Code violations.[13]  Plaintiff initially filed this action on September 30, 2020 in Alameda County Superior Court and filed the FAC on November 19, 2020.[14]  Defendant removed to the United States District Court for Northern District of California on November 25, 2020.[15]  In the FAC, Plaintiff asserts that Madison failed to pay at least the minimum wage for all pre-shift and post-shift time worked, failed to provide timely, off-duty 30-minute meal periods, failed to provide accurate, itemized wage statements, and failed to pay all wages due upon termination.  Based on that alleged conduct, Plaintiff asserts class claims based on allegations that Defendant violated California Business & Professions Code §§ 17200, *et seq.*, California Labor Code §§ 201-203, 226, 226.7, 510, 512, 1194, 1194.2, 1197 and 1197.1, and Wage Order 16.  Plaintiff also alleges related representative PAGA claims.[16]

---

[9] Supplemental Simpluris Decl. at ¶ 9; Grover Decl. at ¶ 9; Dkt. 41-1, Ex. A at §§ I.W and III.M.2; *see*, §§ I.H and I.QQ.

[10] Dkt. 41-1, Ex. A at § III.M.

[11] Dkt. 1-7 (the operative First Amended Complaint ("FAC")) at ¶¶ 5, 9.

[12] Dkt. 1-7 at ¶¶ 4, 10.

[13] Dkt. 41-1, Ex. A at § II.B; Dkt. 41-1 at ¶ 7.

[14] Dkt. 1-1 (initial Complaint) and 1-7 (FAC); Dkt. 41-1 at ¶ 7.

[15] Dkt. 1, 1-1, 1-7.

[16] Dkt. 1-7 at ¶¶ 9-103.

---

Defendant has denied all of the allegations in their entirety.[17]  To date, no court has found any wrongdoing on the part of Defendant or that it otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues in the litigation.[18]

In an effort to avoid the risk and expense of lengthy litigation, the Parties attended two private mediation sessions relatively early in the course of this action.[19]

### B.    The Settlement Process

Prior to filing the action, Class Counsel investigated Plaintiff's legal claims and factual circumstances.  The investigation and informal discovery provided Class Counsel with relevant information regarding the legal and factual issues affecting the class claims in this case.[20]

In preparation for each mediation, the Parties exchanged additional information necessary to provide each other with a thorough understanding of their respective legal theories and defenses and to engage in productive settlement negotiations.[21]  Through the mediations on May 26, 2021 and September 1, 2021 with the highly experienced and skilled mediator Steve Pearl, Esq., the Parties agreed to settle the entire action, subject to the Court's approval.[22]  All terms of the Parties' settlement are set forth in the Settlement Agreement. [23]

### C.    Preliminary Approval, the Notice Process, and Class Members' Responses

After Plaintiff initially moved for preliminary approval of the settlement, the Court issued an order on January 27, 2022 requesting that the Parties submit supplement briefing to address certain issues regarding the settlement.[24]  The Parties filed a joint supplemental brief.[25]  The Court then preliminarily approved the settlement on March 9, 2022.[26]

---

[17] Dkt. 41-1at ¶ 8; Dkt. 41-1, Ex. A at § II.E.

[18] Dkt. 41-1 at ¶ 8.

[19] Dkt. 41-1 at ¶¶ 9, 11, 15; Dkt. 41-1, Ex. A at § II.C.

[20] Dkt. 41-1 at ¶ 10.

[21] Dkt. 41-1, Ex. A at § II.C; Dkt. 41-1 at ¶¶ 11-15.

[22] Dkt. 41-1, Ex. A at § II.C; Dkt. 41-1 at ¶ 15.

[23] *See generally*, Dkt. 41-1, Ex. A; Dkt. 41-1 at ¶¶ 5, 16.

[24] Dkt. 34.

[25] Dkt. 35.

[26] Dkt. 39.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Pursuant to the Preliminary Approval Order, the Settlement Class Members ("SCMs") are "all Class Members who do not submit a valid Request for Exclusion,"[27] and "Class Members" are defined as:

> all current and former hourly on-site employees who worked for Defendant in California during the Class Period. An individual Class Member also may be an Aggrieved Employee if he or she falls within the "Aggrieved Employee" definition.[28]

The Class Period is September 30, 2016 through September 30, 2021, inclusive.[29]

For the PAGA settlement, the Preliminary Approval defined "Aggrieved Employees" as "all current and former hourly on-site employees who worked for Defendant in California at any time during the PAGA Period.  All individual Aggrieved Employee are also Class Members."[30] The PAGA Period is defined as September 14, 2019 through September 30, 2021.[31]

Defendant identified 377 Class Members and provided the necessary relevant information about the Class Members to the Settlement Administrator.[32]  On April 13, 2022, Simpluris mailed the Court-approved Notice of Class and PAGA Action Settlement ("Class Notice") to 377 Class Members.[33]

Twenty-four Class Notices were returned to Simpluris by the Post Office.  Simpluris located updated addresses and remailed 17 of those returned Class Notices.  Only seven Class Notices remain undeliverable.  Thus, the Class Notice mailing had a 98% success rate.[34]

Class Members did not have to file a claim to participate in the settlement.[35]  All Class Members had until May 31, 2022 to opt out of or object to the settlement.[36]  As of the filing of this motion, Simpluris has received no opt-outs and no objections, timely or late.[37]

---

[27] Dkt. 39 at ¶ 2; *see also*, Dkt. 41-1, Ex. A at §§ I.H, I.QQ.

[28] Dkt. 39 at ¶ 2.

[29] Dkt. 39 at ¶ 2.

[30] Dkt. 39 at ¶ 3.

[31] Dkt. 39 at ¶ 3.

[32] Dkt. 41-4 at ¶ 7; *see* Dkt. 41-1 at ¶ 25.

[33] Dkt. 41-4 at ¶ 9; *see* Dkt. 41-1 at ¶ 25.

[34] Suppl. Simpluris Decl. at ¶ 4; Dkt. 41-4 at ¶ 10.

[35] Dkt. 41-1, Ex. A at § III.M.2.a.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

The Settlement Agreement also provided Class Members the opportunity to dispute the number of Qualified Shifts on which his or her Individual Settlement Payment amount is based.[38] Simpluris received no disputes, timely or late.[39]

On June 27, 2022, counsel for Defendant filed a declaration attesting to sending out the required CAFA notices on May 4, 2022.[40]

## III.    THE TERMS OF THE SETTLEMENT AGREEMENT

### A.    The Settlement Benefits

The Settlement provides that Defendant will pay $650,000 <u>plus</u> the employer's share of the payroll taxes, referred to as the Maximum Settlement Amount ("MSA"), to resolve the claims covered by the Settlement.[41]  After subtracting out the amounts allocated to Class Counsel's award of fees (no more than $195,000) and actual, out-of-pocket expenses and costs ($15,352.54), the Class Representative Incentive Award/General Release Payment (not to exceed $7,500), the settlement administration costs (not to exceed $9,000), and the PAGA Payment ($20,000), the remaining funds, referred to as the Net Settlement Amount, will be distributed in full to the SCMs, defined as Class Members who do not submit a valid, timely request for exclusion.[42]  The Net Settlement Amount is now estimated to be $403,147.46.[43]  Defendant has no revisionary interest in the MSA.[44]

### B.    Payments to Settlement Class Members

The Settlement provides that SCMs will receive Individual Settlement Payments without the need to submit a claim form.[45]  Each SCM's Individual Settlement Payment will be calculated

---

[36] Supplemental Simpluris Decl. at ¶ 5; *see* Dkt. 41-1, Ex. A at § I.NN.

[37] Supplemental Simpluris Decl. at ¶¶ 5, 6.

[38] Dkt. 41-1, Ex. A at § III.L.5.

[39] Supplemental Simpluris Decl. at ¶ 7.

[40] Dkt. 43.

[41] Dkt. 41-1, Ex. A at §§ I.V, III.A., III.M.

[42] Dkt. 41-1, Ex. A at §§ I.W and III.M.2; *see,* §§ I.H and I.QQ; Grover Decl. at ¶ 9.

[43] Supplemental Simpluris Decl. at ¶ 9; Grover Decl. at ¶ 9; Dkt. 41-1, Ex. A at § I.W.

[44] Dkt. 41-1, Ex. A at § III.M.

[45] Dkt. 41-1, Ex. A at § III.M.2.a.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

in the manner set forth in Section M.2.1.a of the Settlement Agreement. Because no Class Members opted out, Simpluris has calculated that the average estimated payment amount will $1,069.36.[46]

### C. Payments to Aggrieved Employees and the State.

The Parties have agreed to allocate $20,000 of the MSA to settle the PAGA claims, referred to as the PAGA Payment.[47] Labor Code § 2699(i) requires that the LWDA receive 75% ($15,000) of the PAGA settlement amount and Aggrieved Employees receive 25% (5,000).[48]

To distribute the 25% allocated to the Aggrieved Employees, the Settlement Administrator will distribute Individual PAGA Payments according to the formula set forth in the Settlement Agreement.[49] The Settlement Administrator will divide the respective Qualified Pay Periods for each Aggrieved Employees by the total Qualified Pay Periods for all Aggrieved Employees, resulting in the Payment Ratio – Aggrieved Employees for each Aggrieved Employee.[50] Each Aggrieved Employee's Payment Ratio then will be multiplied by the $5,000 portion of the PAGA Payment allocated to the Aggrieved Employees to calculate each Individual PAGA Payment.[51]

All Class Members are Aggrieved Employees, thus 25% of the PAGA payment will be divided amongst the estimated 377 Aggrieved Employees in addition to their individual payments for the class claims.[52] Each Aggrieved Employees will receive individual PAGA payments in the amount of approximately $13.26 ($5,000/377).[53]

---

[46] $403,147.46/377 = $1,069.36. Supplemental Simpluris Decl. at ¶ 10; Grover Decl. at ¶¶ 7, 12.

[47] Lab. Code § 2699(f); Dkt. 41-1, Ex. A at §§ I.Z, III.M.5.

[48] Dkt. 41-1, Ex. A at §§ I.U, I.Z, III.M.5; Lab. Code § 2699(i).

[49] Dkt. 41-1, Ex. A at § III.M.2.b; *see also*, § I.R.

[50] Dkt. 41-1, Ex. A at § III.M.2.b; *see also*, §§ I.R, I.II, I.AA. Qualified Pay Periods are defined as any and all pay periods (as reflected in Defendant's records) during which one or more Aggrieved Employees performed work for Defendant in California during the PAGA Period. Dkt. 41-1, Ex. A at § I.II.

[51] Dkt. 41-1, Ex. A at § III.M.2.b.

[52] Grover Decl. at ¶¶ 10, 14.

[53] Grover Decl. at ¶ 14.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

### D.    Cy Pres Distribution

The *cy pres* doctrine allows for unclaimed portions of a class action settlement fund to be distributed in a manner that still indirectly benefits the class.[54]   Unclaimed settlement funds should be put to their "next best" use in light of "in light of the objectives of the underlying statutes and the interests of the silent class members."[55]   Here, Parties have agreed that, subject to the Court's approval, any unclaimed funds will be distributed to their selected *cy pres* recipient, Legal Aid at Work, which is a 501(c)(3) organization that provides low-wage workers with legal representation, education and policy advocacy to enforce and strengthen workers' rights. (https://legalaidatwork.org).[56]   None of the parties' counsel has any relationship to Legal Aid at Work.[57]   Legal Aid at Work is the "next best" use to giving the funds to class members as it is related to the lawsuit's subject matter and the class.[58]

### E.    Limited Release Applicable to Settlement Class Members

The Settlement Agreement provides a Limited Release applicable to the SCMs, through which SCMs, including Plaintiff, will release only the claims in the operative FAC.[59]   The Released Claims are defined in the Settlement Agreement § I.LL.[60]   The Release Period for the Released Claims shall be the same as the Class Period, *i.e.*, from September 30, 2016 through September 30, 3021, inclusive.[61]

### F.    The PAGA Release

The Settlement provides a separate PAGA Release through which Plaintiff Sica, individually and as representative acting as a proxy or agent of the LWDA, a State of California

---

[54] *Romero v. Perryman (In re Easysaver Rewards Litig.)*, 906 F.3d 747, 761 (9th Cir. 2018).

[55] *Id.* (internal quotations and citation omitted).

[56] Dkt. 41-1, Ex. A at § III.M.2.e; Grover Decl. at ¶ 20.

[57] Grover Decl. at ¶ 20.

[58] *See In re Easysaver Rewards Litig.*, 906 F.3d at 761. *Morrison v. Am. Nat'l Red Cross*, No. 19-cv-02855-HSG, 2020 U.S. Dist. LEXIS 132712, at *22-23 (N.D. Cal. July 27, 2020).

[59] Dkt. 41-1, Ex. A at § III.B, *see also*, §§ I.LL, I.MM (defining the Released Claims and Released Parties).

[60] Dkt. 41-1, Ex. A at § I.LL.

[61] Dkt. 41-1, Ex. A at § I.LL.

1    Executive Branch Agency, releases the Released Parties of and from any and all claims for civil

2    penalties, attorneys' fees, and litigations costs under PAGA (the "PAGA Released Claims").[62]

3    No individual Class Members or Aggrieved Employees are providing a PAGA Release.

### G.    The General Release by Plaintiff Sica

5    Plaintiff Sica will provide a General Release of his individual claims against the Released

6    Parties in exchange for a General Release Payment, which is included in the Plaintiff's Class

7    Representative Incentive Award/General Release Payment discussed in the next section.[63] The

8    Class Representative Incentive Award/General Release Payment are in addition to the named

9    Plaintiff's Individual Settlement Payment.[64]

### H.    Class Representative Incentive Award/General Release Payment

11    The Settlement Agreement provides a reasonable $7,500 Incentive Award to the Class

12    Representative to compensate him for the risks that he incurred and the time and effort he

13    expended in bringing and prosecuting the employment-related claims alleged in this action on

14    behalf of the putative class.[65]    Plaintiff has requested approval of the Class Representative

15    Incentive Award/General Release Payment in a separate motion filed on May 17, 2022.[66]

### I.    Settlement administration costs

17    The Settlement Agreement provides that the Settlement Administrator may be paid fees of

18    up to $9,000.[67]    Simpluris has performed and will continue to perform tasks necessary to the

19    administration of the settlement, including providing notice to the Class Members, receiving

20    request for exclusion and objection, processing all returned mail, calculation individual settlement

21    payments, handling inquiries from Class Members, and issuing and mailing settlement

---

[62] Dkt. 41-1, Ex. A at § III.D, *see also*, § I.BB.

[63] Dkt. 41-1, Ex. A at § III.C; *see also*, § I.J; *see* Dkt. 41-1 at ¶ 54.

[64] Dkt. 41-1, Ex. A at § III.M.3.a.

[65] Dkt. 41-1, Ex. A at § III.M.3.a; *see also*, § I.J; *see* Dkt. 41-1 at ¶¶ 51-54; Dkt. 41-2 (Declaration of Frank Sica).

[66] *See* Dkt. 41.

[67] Dkt. 41-1, Ex. A at § III.M.6.  The original bid was for an amount not to exceed $7,000.  The Court added a requirement for a settlement website at preliminary approval.  The addition of the settlement website increased the cost of administration by $2,000.  *See* Dkt. 41-4 at ¶ 17.

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

payments.[68]  Simpluris' costs to date and for the work that will be required to complete the settlement administration in this action will not exceed $9,000.[69]

### J.    Attorneys' fees and costs

The Settlement Agreement provides that Plaintiff may seek an award of Class Counsel's fees in the amount of $195,000, which is 30% of the MSA, plus $15,352.54 in out-of-pocket costs incurred litigating this action.[70] Plaintiff has requested an award of attorneys' fees and costs in those amounts in the May 17, 2022 motion.[71]  Class Counsel has provided its updated lodestar information with this motion.[72]

## IV.    LEGAL ARGUMENT

Rule 23(e) requires court approval of a proposed class settlement and that adequate notice of the settlement be provided to the class.[73]  Rule 23(e) requires courts to approve any proposed class settlement to ensure that it "is 'fair, reasonable, and adequate,'" to protect absent class members' interests "while also accounting 'for the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'"[74]  Under Rule 23(e)(2), courts must consider certain factors when assessing a settlement, including whether:

> (A)   the class representatives and class counsel have adequately represented the class;  (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats

---

[68] *See generally*, Dkt. 41-4 and Supplemental Simpluris Declaration.

[69] Dkt. 41-4 at ¶ 17.

[70] Dkt. 41-1, Ex. A at § III.M.4.a; *see also*, § I.V; Dkt. 41-1 at ¶¶ 55-78; Dkt. 41-3 (Declaration of Scot D. Bernstein at ¶¶ 3-10, Ex. 2).

[71] *See* Dkt. 41; Dkt. 41-1; Dkt. 41-3.

[72] Grover Decl. at ¶¶ 22-23.

[73] Rule 23(e). *See e.g.*, *Morrison v. Am. Nat'l Red Cross*, No. 19-cv-02855-HSG, 2021 U.S. Dist. LEXIS 4043, at *11 (N.D. Cal. Jan. 8, 2021) ("*Morrison II*"), citing Rule 23(e) and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998).

[74] *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1120-21 (9th Cir. 2020), quoting Rule 23(e)(2) and *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556, 568 (9th Cir. 2019) (en banc).

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

class members equitably relative to each other.[75]

As the Rule 23(e) factors were "not intended to displace any factors" that courts previously considered,[76] district courts assessing fairness, reasonableness and adequacy of a class settlement continue to weigh some or all of the following factors, depending on their relevancy to the case:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; … and (8) the reaction of the class members of the proposed settlement.[77]

Courts also must ensure that there are none of the *Bluetooth* signs of collusion, *i.e.*, no "clear sailing" agreement, no reverter clause, and allows a reasonable fee award to 25% of the MSA that is not a disproportionate distribution.[78]

### A.    The Notice was the Best Practicable Notice Under the Circumstances

Rule 23(c)(2) requires that the class members receive "the best notice practicable under the circumstances."[79]  Procedural due process requires that affected parties have the right to be heard at a meaningful time and in a meaningful manner.  It does not guarantee any particular procedure but rather requires only notice reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[80]  "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those

---

[75] Rule 23(e)(2); *see Briseño v. Henderson*, 998 F.3d 1014, 1023-24 (9th Cir. 2021), citing Rule 23(e)(2).

[76] *Miguel-Sanchez v. Mesa Packing, LLC*, No. 20-cv-00823-VKD, 2021 U.S. Dist. LEXIS 84437, at *22 (N.D. Cal. May 3, 2021), citing Rule 23(e) Advisory Comm. Note to 2018 amendment.

[77] *Bluetooth*, 654 F.3d at 946 (internal quotations, citation omitted); *Briseño*, 998 F.3d at 1023 (listing same factors).

[78] *Bluetooth*, 654 F.3d at 943, 947-49; *see e.g.*, *Wong v. Arlo Techs.*, No. 5:19-cv-00372-BLF, 2021 U.S. Dist. LEXIS 58514, at *24-25 (N.D. Cal. Mar. 25, 2021) (fee award within the Ninth Circuit's range was not disproportionate).

[79] Rule 23(c)(2); *see also*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974); *Churchill Village, L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004).

[80] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

---

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   with adverse viewpoints to investigate and to come forward and be heard.'"[81]

2         On March 9, 2022, the Court approved the Notice and notice procedure and authorized its

3   distribution to the class.[82]   Pursuant to the Preliminary Order, Simpluris mailed out the Court-

4   approved Notice to the Class Members.[83]   Ultimately, only seven out of 377 Notices were

5   undeliverable – a 98% success rate.[84]

6         The notice approved by the Court at the preliminary approval stage was the best notice

7   practicable under the circumstances and fairly apprised Class Members of the proposed

8   settlement terms and their options.

9         **B.     The Settlement is Fair, Reasonable, and Adequate**

10        In the Preliminary Approval Order, the Court made the initial determination that the

11  settlement was fair, reasonable and adequate.[85]   Confirmation of that finding for final approval is

12  warranted.

13        1.      <u>The strength of Plaintiff's case supports final approval.</u>

14        Fairness of the settlement is further demonstrated by the uncertainty and risks to the

15  Plaintiff involved both in not prevailing on one or more causes of action alleged in the complaint

16  and in non-certification.[86]   Defendant has raised what it considers to be substantial defenses to

17  many of Plaintiff's claims and hurdles to class certification.[87]   Defendant has argued, for

18  example, that Section 301 of the federal Labor Management Relations Act ("LMRA") preempts

19  Plaintiff's meal break and PAGA claims due to an allegedly valid collective bargaining

20  agreement ("CBA").[88]   Defendant argues that meal period claims are statutorily barred under

---

21  [81] *Churchill Village*, 361 F.3d at 575.

22  [82] Dkt. 39 at ¶¶ 9-12.

23  [83]  Dkt. 41-4 at ¶ 9.

24  [84]  Dkt. 41-4 at ¶ 10.

25  [85]  *See* Dkt. 39.

    [86] Grover Decl. at ¶¶ 8-19; *see also*, Dkt. 27-1 (Dec. 29, 2021 Grover Declaration at ¶¶ 17-24, 38-
26  39); Dkt. 41-1 at ¶¶ 30, 37-40.

    [87] *See id.*

27  [88]  Grover Decl at ¶ 16; Dkt. 41-1 at ¶ 38. *See e.g.*, *Marquez v. Toll Glob. Forwarding*, 804 F.
28  App'x 679, 680-81 (9th Cir. 2020) (finding that § 301 of the LMRA preempted the plaintiff's meal
    period claims, citing *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019) among
    *(Cont'd)*

1    Labor Code § 512(e) due to the alleged CBA.[89]  Defendant also argues that Plaintiff will be

2    unable to obtain class certification for the claims alleged.[90]

3        While Plaintiff and his Counsel disagree and believe that the claims can be successfully

4    proved on a class basis, Plaintiff recognizes that there is a risk that the Court may deny class

5    certification or, following initial certification, subsequently decertify the class based on

6    unanticipated individualized issues or manageability concerns.  Were the class not certified, it is

7    unlikely that any putative Class Members would maintain individual actions against Defendant

8    given the relatively small individual recoveries at stake. [91]

9        Although believing Plaintiff's case to be strong, Plaintiff's Counsel considered all of those

10   issues when concluding that the Class Members' recovery through the settlement was fair.

11              2.    <u>The complexity, expense and likely duration of continued litigation weighs
                     in favor of final approval.</u>

12

13       Employment class action cases are expensive and time-consuming to prosecute.

14   Continued litigation of this action against Defendant would likely be complex and expensive, due

15   to subject matter, the size of the class and the nature of the claims.  If the parties had not reached

16   a settlement, Plaintiff still would have to litigate class certification, establish class-wide liability,

17   and then prove up various issues regarding damages.[92]  Such efforts would likely take a

18   substantial amount of time, and necessitate expert witness testimony, as well as other costs, risks,

19   and potential delays.[93]  Appellate proceedings could further delay and jeopardize recovery.[94]  By

20

21

22   ───────────────────
     other cases; *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 748 (S.D. Cal. 2021)
23   (finding § 301 of the LMRA preempted PAGA claims related to alleged overtime and meal period
     violations), citing *Curtis*, 913 F.3d at 1150, n.3.

24   [89] Grover Decl. at ¶ 16; Dkt. 41-1 at ¶ 38. *See e.g.*, *Marquez*, 804 F. App'x at 680-81, citing Lab.
     Code § 512(e).

25   [90] Dkt. 41-1 at ¶¶ 38, 43.

26   [91] *Id.*

27   [92] Dkt. 41-1 at ¶¶ 30, 37-39, 69.

     [93] *See id.*
28
     [94] *See id.*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

contrast, the settlement ensures timely relief and substantial recovery of the amounts Plaintiff contends are owed to the proposed Settlement Class.[95]

Furthermore, the settlement avoids the need for a contested class certification motion that would be time consuming and costly for Plaintiff to file, Defendant to oppose, and the Court to decide.  Also, if the Court were to deny such a motion for class certification, Class Members would be left without a group remedy, and the issues presented here would need to be litigated individually in a piecemeal, costly, and time-consuming fashion.  The settlement also avoids a lengthy trial or trials that likely would involve testimony by numerous witnesses and experts.[96]

### 3.   The value of the settlement favors final approval.

Under the settlement, Defendant has agreed to pay $650,000, plus Defendant's share of the payroll taxes.[97]  The settlement provides a good result for Class Members in terms of a cash settlement payable in one payment and paid not long after the commencement of the litigation. The settlement is enhanced by the lack of non-cash benefits to the settlement such as paid time off or coupons.[98]  The amounts for which Class Members are eligible are not only in-line with other similar settlements, but also commensurate with the value of the claim adjusted for risk.[99] Simpluris has calculated that highest estimated individual payment amount is $5,133.65 and the average estimated individual payment amount is $1,069.36.[100]

### 4.   Disclosure of documents and data demonstrating the strengths and weaknesses of this action was completed prior to entering into the settlement.

Settlement was achieved only after the parties exchanged substantive information through informal discovery, as well as apprised each other of their respective factual contentions, legal theories, and defenses.[101]  Prior to mediation, Defendant produced information and documents

---

[95] *Id.*

[96] Grover Decl. at ¶¶15-18; *see* Dkt. 41-1 (Fee Motion Grover Declaration at ¶¶ 30, 37-39, 69).

[97] Dkt. 41-1, Ex. A at §§ I.V, III.A., III.M.

[98] *See id.*

[99] Grover Decl. at ¶¶ 8-19; Dkt. 27-1 (Dec. 29, 2019 Grover Declaration at ¶¶ 17-24, 37-39).

[100] Supplemental Simpluris Decl. at ¶ 10; *see* Grover Decl. at ¶¶ 7, 12.

[101] Dkt. 41-1 at ¶¶ 12-16; *see* Dkt. 41-1, Ex. A at § II.C.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

regarding its corporate policies and practices regarding wages and meal periods, the number of employees who worked in California during the relevant time periods, and shifts and hours worked, among other items.[102]  Through their independent investigation, informal discovery, and information exchanged at the mediation, Class Counsel "obtained sufficient information to make an informed decision about the settlement and about the legal and factual risks of the case."[103]

The parties engaged in extensive good-faith, arms-length negotiations. On May 26, 2021 and September 1, 2021, the Parties participated in two lengthy mediation sessions with the highly experienced and skilled mediator Steve Pearl, Esq.[104]  A settlement was reached that day, after a full day of negotiations, with the assistance of Mr. Pearl.[105]

5.    The experience and views of Class Counsel favor final approval.

The endorsement of qualified and well-informed counsel of the settlement as fair is entitled to significant weight.[106]  This is because parties "represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation."[107]  "Thus, 'the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.'"[108]

---

[102] Dkt. 41-1 at ¶¶ 12-16.

[103] *Perks v. ActiveHours, Inc.,* No. 5:19-cv-05543-BLF, 2021 U.S. Dist. LEXIS 57272, at *13 (N.D. Cal. Mar. 25, 2021) (approving class settlement at relatively early stage of the litigation); *see also*, *e.g.*, *Taafua v. Quantum Glob. Techs., LLC*, No. 18-cv-06602-VKD, 2021 U.S. Dist. LEXIS 28754, at *19 (N.D. Cal. Feb. 16, 2021) (similar, finding that class counsel "had sufficient information to properly evaluate the merits of the claims and to make an informed decision about settlement."); Dkt. 41-1 at ¶¶ 10-16.

[104] Dkt. 41-1 at ¶ 15; *see* Dkt. 41-1, Ex. A at § II.C.

[105] Dkt. 41-1, Ex. A at § II.C; Dkt. 41-1 at ¶ 15. *See Hanlon*, 150 F.3d at 1027 (affirming approval of class action settlement where parties reached agreement after several months of negotiation and the record contained no evidence of collusion); *Satchell v. Fed. Exp. Corp.*, No. C 03-2659 SI, No. C03-2659 SI, 2007 U.S. Dist. LEXIS 99066, at *17 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").

[106] *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.").

[107] *Id.* (internal quotations and citation omitted).

[108] *Id.* (citations omitted); *Officers for Justice v. Civil Serv. Com.*, 688 F.2d 615, 625 (9th Cir. 1982) (inquiry is limited "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties.").

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Class Counsel believes this settlement to be an excellent result for the Class Members.[109] Class Counsel has significant experience in complex employment class litigation, including actions involving unpaid wage and noncompliant meal period claims.[110]  Class Counsel is of the opinion that the settlement is fair, adequate, reasonable, and in the best interest of the Class Members.[111]

### 6.    Class Members' positive reaction favors final approval.

Finally, courts look at the reaction of class members to determine if a settlement that directly affects their interests should be approved as fair, adequate, and reasonable.  Of most importance is the fact that, as of the filing of this motion, not a single Class Member objected to the settlement.[112]  "Courts have repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."[113]  Moreover, because no Class Member has opted out, 377 Class Members will receive settlement payments.[114]  The Court should construe the overwhelming non-opposition to and participation in the settlement as strong indications of Class Members' support for the settlement as fair, adequate, and reasonable.

### 7.    None of the *Bluetooth* signs of collusion are present.

The settlement has none of the *Bluetooth* signs of collusion.[115]  The settlement permits Class Counsel to seek attorneys' fees amounting to 30% of the MSA, , which falls with the Ninth Circuit's usual range,[116] and actual litigation costs and expenses.[117] Courts have found that, when

---

[109] Grover Decl. at ¶¶ 8-19; Dkt. 41-1 at ¶¶ 30-41.

[110] Dkt. 41-1 at ¶¶ 2-4, 30, 58-63, 69, 71; Dkt. 41-4 (Declaration of Scot D. Bernstein Decl. at ¶ 2, Ex. 1); Grover Decl. at ¶¶ 2-4, 8.

[111] Grover Decl. at ¶¶ 8-19; Dkt. 41-1 at ¶¶ 30-41.

[112] Supplemental Simpluris Decl. at ¶ 6.

[113] *Moreno*, 2021 U.S. Dist. LEXIS 172633, at *10 (N.D. Cal. Sep. 10, 2021) (internal quotations, citations omitted), citing *Churchill Village*, 361 F.3d at 577, among other cases.

[114] *See* Supplemental Simpluris Decl. at ¶¶ 5, 8.

[115] *Briseño*, 998 F.3d at 1025-28, citing *Bluetooth*, 654 F.3d at 947-49.

[116] *Morrison II*, 2021 U.S. Dist. LEXIS 4043, at *24, citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (noting that the Ninth Circuit benchmark is 25% and the "usual range" of fee awards is 20-30%); *Rivas v. BG Retail, LLC*, No. 16-cv-06458-BLF, 2020 U.S. Dist. LEXIS 8712, at *23 (N.D. Cal. Jan. 16, 2020) (finding that, although the Ninth Circuit's benchmark is
*(Cont'd)*

a settlement allows a fee request within the Ninth Circuit's range, there is not a disproportionate distribution to Class Counsel.[118]  The updated estimated Net Settlement Amount is $403,147.46 and will be paid out in full to the SCMs, who are not required to submit claims.[119]  Thus, the settlement ensures that SCMs will receive a substantial share of the MSA and Class Counsel will not receive a disproportionate share.[120]

The settlement does not provide that any unused or unawarded funds will revert to Defendant.[121]  If the Court does not award the full amounts requested for attorneys' fee and costs or Class Representative Incentive Award/General Release Payment, the unawarded funds become part of the Net Settlement Amount.[122]  If the Court does not award the full amounts requested, the settlement provides that Plaintiff and Class Counsel "shall not have the right to modify or revoke the settlement, and the settlement will remain binding," and Plaintiff or Class Counsel may not "seek, request, or demand an increase in the [MSA] on that basis."[123]  Further, any funds from Individual Settlement Payment checks that remain uncashed 180 days after the issuance date will be distributed to the selected *cy pres* beneficiary.[124]

Further, the settlement does not include a clear sailing arrangement.[125]  Defendant has not agreed to refrain from challenging Class Counsel's fee motion.

---

25%, "California district courts usually award attorneys' fees in the range of 30-40% in wage and hour class actions that result in the recovery of a common fund under $10 million."); *Moreno*, 2021 U.S. Dist. LEXIS 172633, at *12 (N.D. Cal. Sep. 10, 2021) (finding same, citing cases).

[117] Dkt. 41-1, Ex. A. at §§ III.M.4, I.F.

[118] *E.g.*, *Perez v. CVS Health Corp.*, No. 1:19-cv-00449-DAD-BAM, 2021 U.S. Dist. LEXIS 110216, at *25 (E.D. Cal. June 11, 2021) (finding no disproportionate distribution as the 33.33% fee request was within the Ninth Circuit's accepted range); *Wong*, 2021 U.S. Dist. LEXIS 58514, at *24 (same as to 25% fee request). *See*, *Bluetooth*, 654 F.3d at 943 (noting 25% is benchmark).

[119] Grover Decl. at ¶ 9; Supplemental Simpluris Decl. at ¶ 9; Dkt. 41-1, Ex. A at §§ I.W and III.M.2; *see*, §§ I.H and I.QQ.

[120] *Contrast Briseño*, 998 F.3d at 1018, in which class counsel received more than seven times what the class members receive in the claims-made settlement.

[121] *See* Dkt. 41-1, Ex. A at § III.M; *See Briseño*, 998 F.3d at 1027.

[122] Dkt. 41-1, Ex. A at §§ III.M.4.c and III.M.3.b.

[123] Dkt. 41-1, Ex. A at §§, III.M.4.f and III.M.3.d.

[124] Dkt. 41-1, Ex. A at § III.M.2.e.

[125] *See generally*, Dkt. 41-1, Ex. A.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

8.    The settlement has no obvious deficiencies.

The settlement does not grant preferential treatment to Plaintiff or any segment of the Class.  SCMs will receive payments based on their pro-rata share of the total Qualified Shifts, making the distribution fair.[126]

The settlement allows Plaintiff Sica to seek a Class Representative Incentive Award/General Release Payment of up to $7,500, which he is doing through the Fee Motion.[127] Incentive awards are "fairly typical in class action cases" and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action."[128] The reasonableness of the incentive award is further supported when, as here, "the parties agree that the settlement shall remain in force regardless of any incentive award."[129]  As discussed in the Fee Motion, Plaintiff has spent time and effort prosecuting this action against his former employer on the Class Members' behalf, making the Incentive Award reasonable.[130]

The settlement also provides that the named Plaintiff will enter into a General Release in exchange for payment that is included with the Incentive Award amount.[131] The General Release does not apply to the SCMs.[132]  The Class Representative Incentive Award/General Release Payment is not preferential treatment because the SCMs will not be subject to or affected by the General Release.

For all of the reasons stated above, the settlement is fair, reasonable and adequate.

///

---

[126] Dkt. 41-1, Ex. A at § III.M.2.  *See e.g.*, *Toolajian v. Air Methods Corp.*, No. 18-cv-06722-AGT, 2020 U.S. Dist. LEXIS 250904, at *26 (N.D. Cal. Apr. 24, 2020).

[127] *See* Dkt. 41-1, Ex. A at § III.M.3; Dkt. 41.

[128] *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009).

[129] *Ahmed v. HSBC Bank USA*, No. ED CV 15-2057 FMO (SPx), 2019 U.S. Dist. LEXIS 104401, at *34-35 (C.D. Cal. June 21, 2019), citing *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014). *See* Dkt. 41-1, Ex. A at § III.M.3.d.

[130] Dkt. 41 at pp. 15-16.  Plaintiff Sica submitted a declaration with the Fee Motion. Dkt. 41-2.

[131] *See* Dkt. 41-1, Ex. A at §§ III.C, III.M.3.

[132] *See* Dkt. 41-1, Ex. A at § III.C.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

### C.    The Settlement Class Meets the Rule 23 Class Certification Requirements

2   In the preliminary approval order, the Court conditionally held that, for settlement

3   purposes, the Settlement Class satisfies the class certification criteria of Federal Rule 23 for

4   settlement purposes only.[133]  Because none of the facts have changed since preliminary approval,

5   for brevity, Plaintiff does not repeat his arguments in favor of class certification here, but request

6   that, in the final approval order, the Court confirm its certification of the Settlement Class for

7   settlement purposes only.

8   ### D.    The PAGA settlement warrants approval.

9   Labor Code § 2699(l)(2) requires that the court review and approve any PAGA settlement.

10  Class action requirements do not apply to PAGA actions.[134]  For all of the reasons stated above,

11  the Settlement is fair, reasonable and adequate, and should be approved.  As part of the

12  Settlement, Defendant has agreed to pay $20,000 to settle the PAGA penalty claims, of which a

13  payment of $15,000 will go to the LWDA for education and enforcement purposes.[135]

14  The circumstances of the settlement, rather than the amount allocated to PAGA claims,

15  determine whether a PAGA settlement is appropriate.[136]  In *Nordstrom Com'n Cases*, the state

16  appellate court held that the court can approve a settlement even when the parties did not allocate

17  any dollars to the PAGA claims.[137]  Here, Plaintiff believes that the agreed upon allocation

18  between PAGA and direct Class Member payments is appropriate and requests that this portion of

19  the Settlement be approved.

20  "PAGA has no notice requirements for unnamed aggrieved employees, nor may such

21  employees opt out of a PAGA action."[138]  To offer as much information as reasonably possible,

22  the Parties agreed to provide individualized information in the Notice regarding each Aggrieved

23

24  ------

[133] Dkt. 39 at ¶ 2.

25  [134] *Arias v. Superior Court*, 46 Cal. 4th 969, 974 (2009).

26  [135]  Dkt. 41-1, Ex. A at §§ III.D, III.M.2.b, III.M.5; Lab. Code § 2699(i).

[136] *Nordstrom Com'n Cases*, 186 Cal.App.4th 576, 589 (2010).

27  [137] *Id.*

28  [138] *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122 (9th Cir. 2014).

Employee's estimated Individual PAGA Payment.[139] If the Court grants final approval of the Settlement, all of the Aggrieved Employees will receive Individual PAGA Payments.

Plaintiff therefore seeks the Court's approval of the PAGA portion of the Settlement, including the $20,000 PAGA Payment, the distribution plan for the PAGA Payment, and the PAGA Release.[140]

## V.    CONCLUSION

For all of the reasons discussed above, the proposed class settlement is fair, reasonable, and adequate, as this Court initially determined in granting preliminary approval.  The proposed settlement will result in substantial benefits to Class Members and was achieved as the result of informed, non-collusive and arm's length negotiations conducted by experienced counsel after a full day of mediation with a well-respected mediator.  For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant final approval of the parties' class action settlement and enter the proposed order submitted herewith which addresses final approval of the settlement and the requests made in the Fee Motion that is being filed concurrently with this motion.

Dated:  June 29, 2022                    **KELLER GROVER LLP**


By:  /s/ *Eric A. Grover*
       ERIC A. GROVER
       ROBERT SPENCER
       *Attorneys for Plaintiff*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

---

[139] *See* Dkt. 41-4, Ex. A (the Notice); *see also*, Dkt. 41-1, Ex. A §§ III.L.2.b, I.R.

[140] Dkt. 41-1, Ex. A at §§ III.D, III.M.2.b, III.M.5; *see also*, §§ I.R, I.Z, I.AA, I.BB, I.GG.